## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **CANDICE ROSS** and<br><br>**TIFFANY GRAY,**<br><br>        Plaintiffs,<br><br>    v.<br><br>**CHOICE HOTELS INTERNATIONAL, INC.** and<br><br>**GNA PROPERTIES, LLC,**<br><br>        Defendants. | CASE NO. 2:10-cv-1098<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## INTRODUCTION

1.     Plaintiffs Candice Ross and Tiffany Gray are African-American women and residents of Columbus, Ohio.  Ms. Ross and Ms. Gray bring this action to seek redress for injuries that they suffered because of Defendants' racially discriminatory denial of public accommodations and the right to contract.

2.     Defendants offer public accommodations at a hotel in Columbus, Ohio known as Comfort Suites East.  On March 6, 2010, Defendants denied Ms. Ross and Ms. Gray the use and enjoyment of the benefits, privileges, terms and conditions that they extend to all other similarly situated guests and invitees.  Defendants breached their contract with Ms. Ross and Ms. Gray and discriminated against them in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and the Ohio Revised Code § 4112.02(G).

## JURISDICTION AND VENUE

3. The Court has primary jurisdiction over Plaintiffs' federal claim pursuant to 28 U.S.C. § 1331 and § 1343(a)(4). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in this District.

## PARTIES

5. Plaintiff Candice Ross is a twenty-one year old African-American woman who resides in Columbus, Ohio.

6. Plaintiff Tiffany Gray is a nineteen year old African-American woman who resides in Columbus, Ohio.

7. Defendant Choice Hotels International, Inc. ("CHI") is a corporation organized under the laws of the State of Delaware. The primary purpose of Defendant CHI is to own, operate, and franchise hotels and motels that offer accommodations to the public.

8. Defendant GNA Properties, LLC ("GNA") is an Ohio limited liability corporation. Upon information and belief, Defendant GNA owns, manages, operates, and does business as Comfort Suites East at 5944 Scarborough Road, Columbus, Ohio, a hotel that offers accommodations to the public. It is a franchisee of Choice Hotels International.

9. In connection with these Plaintiffs and the circumstances described herein, Defendant GNA acted as the actual or apparent agent of Defendant CHI. Plaintiffs believed and understood that they were doing business with the owner of the brand name "Comfort Suites," which is Defendant CHI. Defendant CHI also publicly "guarantees" total guest satisfaction at all

Comfort Suites Hotels.   Hereinafter, Defendants CHI and GNA are collectively referred to as "Defendant."

## FACTS

10. On March 6, 2010, Ms. Ross and Ms. Gray went to Defendant's hotel at 5944 Scarborough Road, Columbus, Ohio, to rent a room for the evening.  Plaintiffs informed the Defendant's agent, Paul VanDorn, that the room was to be used first as a gathering place for Plaintiffs' friends and family, and then as a sleeping room for Ms. Ross's brother, who was celebrating his twenty-third birthday that evening.

11. Mr. VanDorn, on behalf of Defendant, offered to enter into a contract with Ms. Ross and Ms. Gray for the use of Room #218 for one night upon payment of the $129.95 room rate and applicable taxes.  Defendant offered to grant Ms. Ross and Ms. Gray immediate use of and access to Room #218 upon receipt of payment through the check-out time of 12:00 p.m. on March 7, 2010.

12. Ms. Ross and Ms. Gray accepted Defendant's offer by paying the nightly room rate and tax.  Ms. Ross paid with her credit card and Ms. Gray paid one-half of the cost to Ms. Ross in cash.  Defendant gave Plaintiffs two activated keycards that provided immediate access to the hotel and Room #218.

13. Later that evening, Ms. Ross's brother, Shaun Ross-Mitchell, and three of his friends arrived at the hotel and accessed the room rented by Defendant to Plaintiffs.  Mr. Mitchell and two of his friends were young African-American males.

14. Despite the fact that Plaintiffs gave Mr. Ross-Mitchell the key to the room and permission to access the room in their absence, Mr. VanDorn ordered them to vacate the room

3

rented by Plaintiffs until Ms. Ross arrived. Mr. VanDorn also threatened to call the police if they did not comply with his demands.

15. Ms. Ross arrived shortly thereafter with Ms. Gray and demanded an explanation from Mr. VanDorn as to why he was refusing to allow their guests to be present in Room #218. Mr. VanDorn told her that she had to leave the hotel. He said that Defendant had a "no party policy" and a limit of five people in a room at one time. He stated, "If I see more than five people, you are going to have to leave," and "if you do not listen to me, you are going to have to leave."

16. Ms. Ross was taken aback by the change in Mr. VanDorn's attitude from the afternoon. She and Ms. Gray would not have paid for the hotel room if Mr. VanDorn had told them that Defendant had a "no party policy" or a "five person" room limit. Frustrated upon realizing that her plans for her brother's birthday were ruined, Ms. Ross began crying.

17. Ms. Ross asked for a copy of her receipt and a refund. Mr. VanDorn refused. Instead, Mr. VanDorn called the Columbus Police Department. He also put a can of Mace on the front desk.

18. Two Columbus Police officers arrived to investigate the situation. Upon being confronted by the police, Mr. VanDorn admitted to the officers that Defendant did not have a "no party policy."

19. The officers also determined that more than five people, all white, were in a room adjacent to Room #218 and that a lot of noise was coming from that room. The officers asked Mr. VanDorn to explain why Ms. Ross and her guests had to leave the hotel. Mr. VanDorn, who is white, responded: "It's not that I don't like black people. I date black people."

4

20. Unable to resolve the situation, the Columbus police officers left the hotel without further incident.  Because Defendant refused to allow Ms. Ross, Ms. Gray, and their invitees to have access to the hotel room for which they had already paid, Plaintiffs and their guests also left the hotel.

21. Defendant treated Plaintiffs and their guests differently in a place of public accommodation because of race and/or on the basis of their association with African-American males.  Defendant denied Ms. Ross and Ms. Gray the use and enjoyment of the benefits, privileges, terms and conditions that it extends to all other similarly situated guests and invitees.  Defendant made up false and pretextual reasons for its treatment of Plaintiffs and their invitees because of race and/or on the basis of their association with African-American males .

22. Defendant breached its contract with Ms. Ross and Ms. Gray.  Defendant imposed terms and conditions on Plaintiffs' contract that are not imposed on the contracts of other similarly situated hotel guests.  Defendant denied Ms. Ross and Ms. Gray the use and enjoyment the same accommodations, privileges, and benefits that it grants to other similarly situated hotel guests.

23. As a result of the Defendant's unlawful actions as described above, Plaintiffs Candice Ross and Tiffany Gray have suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to economic loss, humiliation, embarrassment, emotional distress, strain on relationships, and unlawful deprivation of their federally protected rights to exercise and enjoy equal treatment in the making and enforcing of contracts in places of public accommodation without regard for race and/or color.

## CAUSES OF ACTION

### COUNT I

*Unlawful Discrimination in Violation of 42 U.S.C. § 1981*

24.     Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

25.     By discriminating against Plaintiffs on the basis of their race and the race of their guests and on the basis of their association with African-American males in the manner set forth, Defendant has denied Plaintiffs the same right to enjoy the benefits, privileges, terms, and conditions of contract as is, and was, enjoyed by white citizens, in violation of Plaintiffs' rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### COUNT II

*Unlawful Public Accommodation Discrimination in Violation of O.R.C. § 4112.02(G)*

26.     Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

27.     By denying Plaintiffs the full and equal enjoyment of the services of a place of public accommodation on the basis of their race and the race and sex of their guests and on the basis of their association with African American males in the manner set forth, Defendant has violated O.R.C. § 4112.02(G).

### COUNT III

*Breach of Contract*

28.     Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

29.     Defendant breached its contract with Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court grant the following relief:

(1) Enter a declaratory judgment finding that the foregoing actions of the Defendant violate the Civil Rights Act of 1866, 42 U.S.C. §1981 and O.R.C. § 4112.02(G).

(2) Award compensatory damages to Plaintiffs in an amount to be determined by a jury that would fully compensate Plaintiffs for economic loss, humiliation, embarrassment and emotional distress;

(3) Award punitive damages to Plaintiffs in an amount to be determined by the jury that would punish Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

(4) Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1981 and O.R.C. § 4112.02(G);

(5) Order such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of all issues so triable as of right.

Dated: December 6, 2010

Respectfully submitted,

/s/ Rachel K. Robinson

Rachel K. Robinson (Bar No. 0067518)
Equal Justice Foundation
88 East Broad Street, Suite 1105
Columbus, Ohio 43215
(614) 221-9800
(614) 221-9810 (fax)

Stephen M. Dane (Bar No. 0013057)
Relman, Dane & Colfax PLLC
312 Louisiana Avenue
Perrysburg, OH 43551
(419) 873-1814
(419) 873-1815 (fax)

Tara K. Ramchandani
Relman, Dane & Colfax PLLC
1225 19th St. NW, Suite 600
Washington, DC 20009
(202) 728-1888
(202) 728-0848 (fax)

*Attorneys for Candice Ross and Tiffany Gray*