IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CANDICE ROSS,** *et al.,*

     Plaintiffs,

  vs.                               Civil Action 2:10-CV-1098
                                      Judge Frost

**CHOICE HOTELS INTERNATIONAL,**     Magistrate Judge King
**INC.,** *et al.,*

     Defendants.

    <u>**OPINION AND ORDER**</u>       This is a civil rights action in which plaintiffs, who are African-American, claim that defendants Choice Hotels International, Inc. [hereinafter "Choice Hotels"], a franchisor, and GNA Properties LLC [hereinafter "GNA"], the franchisee of a hotel in Columbus, Ohio, discriminated against plaintiffs on account of their race in violation of 42 U.S.C. §1981 and O.R.C. §4112.02(G), and acted in breach of the parties' contract for the rental of a room.  The *Complaint* specifically alleges that defendant GNA "acted as the actual or apparent agent of" defendant Choice Hotels.  *Id*. ¶9.  This matter is now before the Court on motions for sanctions against defendant GNA filed by plaintiffs, *Plaintiffs' Motion to Enforce the Court's Order and for Sanctions against Defendant GNA Properties LLC*, Doc. No. 25 [hereinafter "*Plaintiffs' Motion for Sanctions*"], and by defendant Choice Hotels, *Motion of Defendant, Choice Hotels International, Inc. to Enforce the Court's Order and for Sanctions against Defendant GNA Properties LLC,* Doc. No. 33 [hereinafter "*Choice Hotels' Motion for Sanctions*"].  GNA has made no response to the motions.

**Background**

Following the Rule 16 conference on March 16, 2011, the Court directed that all parties make their Rule 26(a)(1) disclosures no later than April 30, 2011. *Preliminary Pretrial Order*, Doc. No 10, p. 1. That date was extended, upon the request of Choice Hotels, to May 27, 2011. *Order*, Doc. No. 14; *Order*, Doc. No. 16.

At a June 27, 2011 status conference with the Court, it was reported that GNA had not made its Rule 26(a)(1) disclosures, nor had it responded to written discovery requests propounded upon it by plaintiffs and Choice Hotels. *See Order*, Doc. No. 20. The Court expressly ordered GNA to make its Rule 26(a)(1) disclosures and to respond to all outstanding discovery requests no later than July 1, 2011. *Id.* The Court went on to advise GNA that "[i]ts failure to do so will result in the imposition of sanctions, including possible default and dismissal of its counterclaims." *Id.* p. 1.

On July 19, 2011, plaintiffs filed their motion for sanctions, representing that GNA had failed to comply with the Court's order. *Plaintiffs' Motion for Sanctions*. In that motion, plaintiffs request an award of attorney's fees and costs as well as "coercive sanctions until the disclosures and discovery responses are served." *Id*. p. 1. As noted *supra*, GNA made no response to that motion. However, Choice Hotels, although not disputing GNA's discovery defaults, asked that GNA not be sanctioned in such a way as to impair the ability of Choice Hotels to present a full defense to plaintiffs' claims. *Memorandum contra of Defendant Choice Hotels International, Inc. to Plaintiffs' Motion to Enforce the Court's Order, etc*., Doc. No. 28.

On September 29, 2011, Choice Hotels filed its own motion for

sanctions against GNA. *Choice Hotels' Motion for Sanctions*. As did plaintiffs, Choice Hotels seeks an award of attorney's fees and costs and "coercive sanctions designed to compel Defendant GNA Properties, LLC to make Rules 26(a)(1) disclosures and discovery responses." *Id*. p. 1.[1] There has been no response to that motion. However, in the motion to cancel the December 2011 Settlement Week mediation, in which all parties joined, it was represented that GNA had committed to "deliver all outstanding discovery to counsel on Monday, December 5, 2011." *Joint Motion to Cancel Mediation Set for December 14, 2011*, Doc. No. 42, p. 1 n. 1.

**Standard**

Rule 37 of the Federal Rules of Civil Procedure authorizes the filing of a motion to compel disclosures under Rule 26(a) and discovery responses. Fed. R. Civ. P. 37(a)(3)(A), (B). A court must ordinarily award the movant's reasonable expenses incurred in filing the motion, including attorney's fees, if the motion to compel is granted "or if the disclosure or requested discovery is provided after the motion was filed. . . ." Rule 37(a)(5)(A). A court may also award reasonable expenses including attorney's fees if a party fails to make the disclosures required by Rule 26(a). Rule 37(c)(1), (d). A failure to comply with a court order may also be treated as a contempt of court. Rule 37(b)(2)(A)(vii). A court has wide discretion in determining an appropriate sanction under Rule 37. *National Hockey*

---

[1] Shortly thereafter, Choice Hotels also moved for default judgment against GNA on the cross claims asserted against it by Choice Hotels. *Motion for Default Judgment*, Doc. No. 34. The fact of GNA's default on the cross claims was entered by the Clerk on December 1, 2011. *Clerk's Entry of Default*, Doc. No. 41.

*League v. Metropolitan Hockey Club,* 427 U.S. 639 (1976); *Regional Refuse Systems v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir. 1988).

**Discussion**

The record is clear that GNA has failed to comply with this Court's orders and has failed to meet its discovery obligations. Indeed, GNA does not argue to the contrary. The motions to compel are therefore meritorious. Under the express provisions of Rule 37, the movants are entitled to an award of their expenses, including attorney's fees, incurred in connection with the grant of their motions.

Plaintiffs and Choice Hotels also ask for an award of "coercive sanctions" to be imposed until GNA makes its required disclosures and responds to written discovery requests. Rule 37(b)(2)(A)(vii) authorizes a finding of contempt for failure to comply with a court's discovery order. A sanction for a civil contempt is remedial and is intended to accrue to the benefit of the complainant. *Gompers v. Buck Stove & Range Co.,* 221 U.S. 418, 441 (1911). "Broadly, the purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant." *United States v. Bayshore Associates, Inc.,* 934 F.2d 1391, 1400 (6th Cir. 1991) (citing *United States v. Mine Workers,* 330 U.S. 258, 303-04 (1947); *Gompers,* 221 U.S. at 441). *See, e.g., United States v. Hendrickson*, 2010 WL 2490716, *4 (E.D. Mich. June 10, 2010)(holding a party in contempt and imposing a daily fine until the party provides responses to discovery requests as ordered by the court). A sanction for a civil contempt must be

conditional, "that is, once the [party] performs the act required by the court," the sanction must be lifted. *Bayshore Associates*, 934 F.2d at 1400.

In their *Joint Motion to Cancel Mediation Set for December 14, 2011*, the parties represented that GNA had committed to complying with its discovery obligations and no party has advised the Court that GNA has not done so.  It therefore appears that the coercive sanctions associated with a finding of civil contempt are unnecessary to effect the relief requested by movants.

**WHEREUPON** *Plaintiffs' Motion for Sanctions*, Doc. No. 25, and *Choice Hotels' Motion for Sanctions*, Doc. No. 33, are **GRANTED** in part and **DENIED** in part.  To the extent that the motions seek an award of expenses, including attorney's fees, incurred in connection with the motions, the motions are **GRANTED**.  The movants shall promptly submit to counsel for defendant GNA an itemized statement of expenses, including attorneys' fees, incurred by them in connection with the grant of their motions.  To the extent that the motions seek a finding of civil contempt, the motions are **DENIED.**

             *s/ Norah McCann King*
              Norah McCann King
         United States Magistrate Judge

December 20, 2011