IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CANDICE ROSS, *et al.*,

      Plaintiffs,


      vs.                    Civil Action 2:10-CV-1098
                             Judge Frost
                             Magistrate Judge King

CHOICE HOTELS INTERNATIONAL,
INC., *et al.*,

      Defendants.


## OPINION AND ORDER

      This is a civil rights action in which plaintiffs, who are African-American, claim that defendants Choice Hotels International, Inc. [hereinafter "Choice Hotels"], a franchisor, and GNA Properties LLC [hereinafter "GNA"], the franchisee of a hotel in Columbus, Ohio, discriminated against plaintiffs on account of their race in violation of 42 U.S.C. §1981 and O.R.C. §4112.02(G) and acted in breach of the parties' contract for the rental of a room. This matter is now before the Court on plaintiffs' renewed motion to enforce the Court's prior discovery order and for sanctions. *Plaintiffs' Re-Newed Motion to Enforce the Court's Order (Doc. No. 20) and for Sanctions Against Defendant GNA Properties LLC,* Doc. No. 45 ["*Renewed Motion for Sanctions*"].

      This litigation has been marked by the failure of defendant GNA to participate in the discovery process. On June 27, 2011, the Court ordered GNA to make its Rule 26(a)(1) disclosures and to respond to all outstanding discovery requests no later than July 1, 2011. *Order*, Doc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CANDICE ROSS, *et al.*,

      Plaintiffs,


    vs.                        Civil Action 2:10-CV-1098
                                     Judge Frost
                                     Magistrate Judge King

CHOICE HOTELS INTERNATIONAL,
INC., *et al.*,

      Defendants.


**<u>OPINION AND ORDER</u>**

    This is a civil rights action in which plaintiffs, who are African-American, claim that defendants Choice Hotels International, Inc. [hereinafter "Choice Hotels"], a franchisor, and GNA Properties LLC [hereinafter "GNA"], the franchisee of a hotel in Columbus, Ohio, discriminated against plaintiffs on account of their race in violation of 42 U.S.C. §1981 and O.R.C. §4112.02(G) and acted in breach of the parties' contract for the rental of a room.  This matter is now before the Court on plaintiffs' renewed motion to enforce the Court's prior discovery order and for sanctions. *Plaintiffs' Re-Newed Motion to Enforce the Court's Order (Doc. No. 20) and for Sanctions Against Defendant GNA Properties LLC,* Doc. No. 45 ["*Renewed Motion for Sanctions*"].

    This litigation has been marked by the failure of defendant GNA to participate in the discovery process.  On June 27, 2011, the Court ordered GNA to make its Rule 26(a)(1) disclosures and to respond to all outstanding discovery requests no later than July 1, 2011.  *Order*, Doc.

No. 20, p. 1.  The Court also expressly advised GNA that its failure to comply with the Court's order "will result in the imposition of sanctions, including possible default and dismissal of its counterclaims." *Id*.  Plaintiff and defendant Choice Hotels thereafter filed motions for sanctions, representing that GNA had failed to comply with the Court's order.  GNA made no response to those motions.  The Court granted the motions and awarded to plaintiffs and Choice Hotels their expenses and attorneys' fees incurred in connection with the grant of their motions.  *Opinion and Order*, Doc. No. 44.  The Court declined to impose more severe sanctions, however, in light of the parties' representation "that GNA had committed to complying with its discovery obligations and no party has advised the Court that GNA has not done so." *Id*., at 5.

The *Renewed Motion for Sanctions* was filed on January 4, 2012.  In that motion, plaintiffs represented that GNA had not provided the requested discovery.  In its response to the motion, filed January 18, 2012, GNA explained that its earlier failure to fully participate in the litigation was driven by business and financial considerations but that it was now committed to full participation in the litigation.  GNA also specifically represented that it had "produced its discovery response to Plaintiffs by mail and electronically filed its Initial Disclosures." *Response of Defendant GNA Properties, LLC to Plaintiff's Renewed Motion to Enforce and for Sanctions (Doc. #45)*, Doc. No. 46, p. 1. By January 24, 2012, however, plaintiffs had not received GNA's responses to their discovery requests. *Plaintiffs' Reply in Support of Renewed Motion to Enforce and For Sanctions*, Doc. No. 47, p. 1.  Moreover, the parties'

2

No. 20, p. 1. The Court also expressly advised GNA that its failure to comply with the Court's order "will result in the imposition of sanctions, including possible default and dismissal of its counterclaims." *Id*. Plaintiff and defendant Choice Hotels thereafter filed motions for sanctions, representing that GNA had failed to comply with the Court's order. GNA made no response to those motions. The Court granted the motions and awarded to plaintiffs and Choice Hotels their expenses and attorneys' fees incurred in connection with the grant of their motions. *Opinion and Order*, Doc. No. 44. The Court declined to impose more severe sanctions, however, in light of the parties' representation "that GNA had committed to complying with its discovery obligations and no party has advised the Court that GNA has not done so." *Id.*, at 5.

The *Renewed Motion for Sanctions* was filed on January 4, 2012. In that motion, plaintiffs represented that GNA had not provided the requested discovery. In its response to the motion, filed January 18, 2012, GNA explained that its earlier failure to fully participate in the litigation was driven by business and financial considerations but that it was now committed to full participation in the litigation. GNA also specifically represented that it had "produced its discovery response to Plaintiffs by mail and electronically filed its Initial Disclosures." *Response of Defendant GNA Properties, LLC to Plaintiff's Renewed Motion to Enforce and for Sanctions (Doc. #45)*, Doc. No. 46, p. 1. By January 24, 2012, however, plaintiffs had not received GNA's responses to their discovery requests. *Plaintiffs' Reply in Support of Renewed Motion to Enforce and For Sanctions*, Doc. No. 47, p. 1. Moreover, the parties'

2

joint to request to extend the discovery completion date, *Joint Motion to Amend Discovery Deadlines*, Doc. No. 48, suggests that GNA's discovery responses had not been received by January 31, 2012.  *Id*., at 1. The *Renewed Motion for Sanctions*, which has not been withdrawn, requests the immediate production of discovery responses, an award of attorneys fees and costs incurred in connection with the motion, a finding of civil contempt with daily fines pending compliance by GNA and the dismissal of GNA's counterclaims should GNA fail to produce its discovery responses.

Rule 37 of the Federal Rules of Civil procedure authorizes the filing of a motion to compel discovery responses.  Fed. R. Civ. P. 37(a)(3)(B).  A court must ordinarily award the movant's reasonable expenses, including attorney's fees, incurred in connection with the filing of the motion if the motion to compel is granted "or if the disclosure or requested discovery is provided after the motion was filed . . . ." Fed. R. Civ. P. 37(a)(5)(A). A court has wide discretion in determining an appropriate sanction under Rule 37.  *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Systems v. Inland Reclamation Co.*, 842 F. 2d 150, 154 (6th Cir. 1988).

It is unclear, on the present record, whether GNA has made its discovery responses.  At a minimum, it is apparent that GNA did not do so until after the *Renewed Motion for Sanctions* was filed.  Under these circumstances, the *Renewed Motion for Sanctions* is meritorious.  *See* Fed. R. Civ. P. 37(a)(5)(A).

The *Renewed Motion for Sanctions,* Doc. No. 45, is therefore **GRANTED**. It is **ORDERED** that, if GNA has not already done so, GNA must respond to

joint to request to extend the discovery completion date, *Joint Motion to Amend Discovery Deadlines*, Doc. No. 48, suggests that GNA's discovery responses had not been received by January 31, 2012. *Id.*, at 1. The *Renewed Motion for Sanctions*, which has not been withdrawn, requests the immediate production of discovery responses, an award of attorneys fees and costs incurred in connection with the motion, a finding of civil contempt with daily fines pending compliance by GNA and the dismissal of GNA's counterclaims should GNA fail to produce its discovery responses.

Rule 37 of the Federal Rules of Civil procedure authorizes the filing of a motion to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B). A court must ordinarily award the movant's reasonable expenses, including attorney's fees, incurred in connection with the filing of the motion if the motion to compel is granted "or if the disclosure or requested discovery is provided after the motion was filed . . . ." Fed. R. Civ. P. 37(a)(5)(A). A court has wide discretion in determining an appropriate sanction under Rule 37. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Systems v. Inland Reclamation Co.*, 842 F. 2d 150, 154 (6th Cir. 1988).

It is unclear, on the present record, whether GNA has made its discovery responses. At a minimum, it is apparent that GNA did not do so until after the *Renewed Motion for Sanctions* was filed. Under these circumstances, the *Renewed Motion for Sanctions* is meritorious. *See* Fed. R. Civ. P. 37(a)(5)(A).

The *Renewed Motion for Sanctions,* Doc. No. 45, is therefore **GRANTED**. It is **ORDERED** that, if GNA has not already done so, GNA must respond to

plaintiffs' discovery requests within twenty-four (24) hours. Its failure to do so will result in the dismissal of its counterclaims.

Moreover, plaintiffs are **AWARDED** their expenses, including attorney's fees incurred in connection with the grant of the *Renewed Motion for Sanctions*. Plaintiffs shall promptly submit to counsel for defendant GNA an itemized statement of their expenses, including attorney's fees, incurred by them in connection with the filing and grant of their motion. If any party wishes a hearing on the amount of the award, that party shall promptly file a written request for a hearing.

**IT IS SO ORDERED.**




　　　　 *s/ Norah McCann King*　　
Norah McCann King
United States Magistrate Judge

March 7, 2012

4

plaintiffs' discovery requests within twenty-four (24) hours.  Its failure to do so will result in the dismissal of its counterclaims.

Moreover, plaintiffs are **AWARDED** their expenses, including attorney's fees incurred in connection with the grant of the *Renewed Motion for Sanctions*. Plaintiffs shall promptly submit to counsel for defendant GNA an itemized statement of their expenses, including attorney's fees, incurred by them in connection with the filing and grant of their motion.  If any party wishes a hearing on the amount of the award, that party shall promptly file a written request for a hearing.

**IT IS SO ORDERED.**



    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

March 7, 2012

4